IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RED JR., ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> D. L. RUNNELS, Warden, ) <br> ) <br> Respondent. ) <br> ) | No. C 04-04408 JW (PR) <br><br> ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION OR REQUEST FOR STAY <br><br> (Docket No. 15) |

Petitioner, a state prisoner incarcerated at High Desert State Prison in Susanville, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised two claims: 1) deficient jury instructions, and 2) ineffective assistance of counsel. The Court found that the petition, liberally construed, stated cognizable claims under § 2254, and ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as a mixed petition, contending that the second claim was unexhausted in state court. Petitioner filed a motion for leave to amend the petition to strike the unexhausted claim of ineffective assistance of counsel, which the Court granted. Respondent's

motion to dismiss was denied as moot. This Court now reviews petitioner's motion to amend (Docket No. 15) to include a claim of ineffective assistance of counsel.

## BACKGROUND

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Clara of multiple counts of bank robbery and attempting to evade a police officer while driving recklessly. The court found true allegations that petitioner had suffered 11 prior "strike" convictions and, on May 24, 2002, sentenced him to 95 years to life in state prison.

The California Court of Appeal struck two five-year enhancements and otherwise affirmed the judgment of the trial court. On November 12, 2003, the Supreme Court of California denied review. Petitioner then filed this federal habeas petition.

## DISCUSSION

A.  Standard of Review

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If a petition is "mixed," i.e., it contains both exhausted and unexhausted claims, it must be dismissed. See id. at 522.

B.  Legal Analysis

In the instant action, petitioner's original petition set forth two claims: ( 1)

deficient jury instructions, and 2) ineffective assistance of counsel.  In his motion to amend filed June 22, 2006, petitioner admitted that the second claim was not exhausted in the state high court, and requested leave to amend to strike the unexhausted claim and proceed with the first claim.  This Court granted petitioner's motion on January 31, 2007.  However, petitioner's "first amended petition" filed February 26, 2007, does not include a claim of deficient jury instructions but only a claim of ineffective assistance of counsel.  Petitioner provides no proof that he has exhausted this claim in state courts.  In the interests of justice, this Court gives petitioner **thirty (30) days** to file a final amended petition stating only exhausted claims, i.e., deficient jury instructions.  If petitioner wants to include the claim of ineffective assistance of counsel, he must provide proof that he has exhausted his state judicial remedies on that issue.

Alternatively, the Court may stay the mixed federal petition while the petitioner returns to state court to exhaust his unexhausted claims.  See Rhines v. Webber, 544 U.S. 269, 277 (2005).  Accordingly, petitioner will be given the choice of amending his petition and proceeding only on the basis of his exhausted claim, or requesting a stay of the petition while he exhausts his unexhausted claim in state court.  **If petitioner fails to make that choice in the time provided, the petition will be dismissed without prejudice.**

## CONCLUSION

For the reasons stated above, the Court hereby orders as follows:

1.      Within **thirty (30) days** of the date this order is filed, petitioner shall file **one** of the following: (1) an amended petition that includes only his exhausted claim of deficient jury instructions, and that strikes his unexhausted claim of ineffective assistance of counsel, **OR** (2) an amended petition that includes both

claims with proof that he has exhausted the ineffective assistance of counsel claim in state court, **OR** (3) a request for a stay of this matter while he exhausts his unexhausted claim.

    2.    If petitioner chooses to file an amended petition under option one or two above, he must include the caption and civil case number used in this order, No. C-04-04408 JW (PR), as well as the words SECOND AMENDED PETITION on the first page. **Petitioner shall not incorporate material from the original petition by reference**. **Petitioner is informed that if he elects to file an amended petition, as opposed to requesting a stay, this matter will proceed only on the basis of his exhausted claims, and any unexhausted claims will not be considered.**

    3.    **<u>If petitioner fails to file either an amended petition or a request for a stay as ordered herein, the petition will be dismissed without prejudice to petitioner's later filing a new petition that contains only exhausted claims.</u>**

This order terminates Docket No. 15.

DATED:   May 18 2007

JAMES WARE  
United States District Judge

Order Directing P to file Amended Petition or Request for Stay  
N:\Pro - Se\5.18.2007\04-04408 Red04408_mixed.wpd     4